United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Juan and Mary Quiroz,
                Debtors.
_____/

Case No. 08-40401-R
Chapter 7

Juan Quiroz,
                Plaintiff,

v.

Adv. No. 11-04433

State of Michigan, Department of Treasury,
                Defendant.
_____/

**Opinion Regarding Motion to Dismiss**

I.

Juan Quiroz was the owner of Industrial Waste Cleanup, Inc. The company ceased business operations in 2006. The State of Michigan, Department of Treasury, assessed Quiroz approximately $25,450 as the corporate officer of Industrial Waste Cleanup, for failure to remit the single business tax ("SBT") for 2005 and 2006.

On January 8, 2008, Quiroz and his wife filed for Chapter 7 relief. They received a discharge on April 17, 2008. It was a no asset case.

After the debtors' discharge, the Department of Treasury attempted to collect the tax debt from Quiroz. Quiroz filed this adversary proceeding for a determination that the debt was discharged. In response, the Treasury Department filed a motion to dismiss. The Court conducted a hearing on April 4, 2011, and took the matter under advisement.

II.

The Treasury Department contends that the SBT is an excise tax entitled to priority under 11 U.S.C. § 507(a)(8)(E) and is therefore excepted from discharge under § 523(a)(1)(A).

Quiroz argues that even if the SBT is an excise tax, it is not a tax measured by a transaction and, therefore, it is not the type of tax excepted from discharge under § 507(a)(8)(E).

Quiroz also argues that even if the SBT is an excise tax as to Industrial Waste Cleanup, it is not an excise tax as to him. Quiroz argues that the absence of the language in § 507(a)(8)(E), "and for which the debtor is liable in whatever capacity," means that § 507(a)(8)(E) applies only to an excise tax for which the underlying entity is liable, not one for which the corporate officer of the entity may be liable.

III.

A.

11 U.S.C. § 507(a)(8)(E) accords priority status to:

> (E) an excise tax on-
>
> > (i) a transaction occurring before the date of the filing of the petition for which a return, if required, is last due, under applicable law or under any extension, after three years before the date of the filing of the petition; or
> >
> > (ii) if a return is not required, a transaction occurring during the three years immediately preceding the date of the filing of the petition[.]

11 U.S.C. § 507(a)(8)(E).

The SBT was explained in *Trinova Corp. v. Dep't of Treasury*, 445 N.W.2d 428 (Mich. 1989), as follows:

2

> The single business tax is a form of value added tax, although it is not a pure value added tax. "Value added is defined as the increase in the value of goods and services brought about by whatever a business does to them between the time of purchase and the time of sale." In short, a value added tax is a tax upon business activity. The act employs a value added measure of business activity, but its intended effect is to impose a tax upon the privilege of conducting business activity within Michigan. It is not a tax upon income.

*Id*. at 432-33 (citations and footnote omitted).

"The computation of the SBT involves several steps, but begins with calculation of the taxpayer's tax base. The tax base computation is designed to calculate the contribution each business makes to the total economy; in economic terms, this contribution is the economic size of the business." *Midwest Bus. Corp. v. Dep't of Treasury*, 793 N.W.2d 246 (Mich. App. 2010) (quotation marks and citation omitted).

B.

Quiroz argues that even if the SBT is an excise tax, it is not a tax on a transaction, as required by the statute. The term "transaction" is not defined in the Code. Black's Law Dictionary provides that a "transaction" is:

> 1. The act or an instance of conducting business or other dealings. 2. Something performed or carried out; a business agreement or exchange. 3. Any activity involving two or more persons[.]

Black's Law Dictionary 1503 (7th ed.1999).

The court in *Groetken v. Illinois Dep't of Revenue* (*In re Groetken*), 843 F.2d 1007 (7th Cir. 1988), recognized that:

> Congress intended the term "transaction" to be defined broadly. The Joint Statement of the floor leaders, Senator DeConcini and Representative Edwards, stated that: "[a]ll Federal, State or local taxes generally considered or expressly treated as excises are covered by this category, including sales taxes, estate and gift taxes, gasoline

3

and special fuel taxes, and wagering and truck taxes."

*Groetken*, 843 F.2d at 1014 (quoting 124 Cong. Rec. 34,016 (Senate), reprinted in 1978 U.S.C.C.A.N. 6505, 6567; 124 Cong. Rec. 32,416 (House), reprinted in 1978 U.S.C.C.A.N. 5787, 6436, 6498).

In the context of an excise tax, a transaction is often a discrete act, such as the sale of cigarettes. *DeRoche v. Arizona Indus. Comm'n* (*In re DeRoche*), 287 F.3d 751, 755 (9th Cir.2002). However, transactions are not limited to separate and distinct acts or specific taxable events. *Id*. at 757 ("[A] 'transaction' is the act of employing a worker without carrying the required insurance when the worker is injured."). *See also Trs. Of Trism Liquidating Trust v. IRS* (*In re Trism*), 311 B.R. 509, 517 (B.A.P. 8th Cir. 2004) (Event of operating a vehicle on the highway more than 5,000 miles in a calendar year is an act or series of acts which falls within the broad definition of "transaction.").

In *In re Nat'l Steel Corp*., 321 B.R. 901 (Bankr. N.D. Ill. 2005), the court concluded that the Texas franchise tax is an excise tax on a transaction or series of transactions. In doing so, the court stated:

> [T]he state franchise tax is imposed upon corporations transacting business in Texas. That business necessarily encompasses and requires a variety of transactions. Whether a transaction consists of hiring a worker, executing a contract, operating a vehicle on Texas roadways, renting office space, or selling goods, any single transaction requires the corporation to pay state franchise tax for that calendar year. The Trust does not dispute that NSC conducted business in Texas during calendar year 2002, thereby exercising a privilege that confers upon corporations various economic benefits, as well as the opportunity to invoke the protection of Texas law. Therefore, NSC incurred liability for corporate franchise tax under the Texas Tax Code. That the tax is not imposed on a discrete, readily identifiable transaction is of no consequence.

4

*Nat'l Steel Corp.,* 321 B.R. at 912.

The Court adopts this rationale and concludes that the SBT is a tax on a transaction consisting of the act of doing business in the State of Michigan. In arguing that the SBT is not a tax on a transaction, Quiroz focuses on the method in which the tax is calculated. However, that is not the relevant inquiry. Moreover, *In re Albion Health Servs.*, 339 B.R. 171 (Bankr. W.D. Mich. 2006), the primary case Quiroz relies upon, adopts a very narrow definition for the term "transaction." This is contrary to the legislative history of § 507(a)(8)(E), as well as the majority of the case law.

C.

Quiroz also argues that even if the SBT is an excise tax as to his company, it is not an excise tax as to him. As noted above, Quiroz bases this argument on the absence of language in § 507(a)(8)(E) providing "for which the debtor is liable."

MCL § 205.27a5 permits the assessment of corporate taxes against a corporate officer who has control or supervision of, or responsibility for paying the corporation's taxes. Quiroz takes the position that the personal assessment of the SBT changes the nature of the tax. Quiroz relies on the rules of statutory construction. However, there is no case law directly supporting Quiroz's position. Further, § 523(a)(1)(A) provides that an individual debtor is not discharged from any debt of the kind in § 507(a)(8). There is no language requiring that the debt must have originally accrued to the debtor, only that the debtor be liable for the debt. *See McAdam v. State of N.H.* (*In re McAdam*), 402 B.R. 473 (Bankr. D.N.H. 2009) and *Mueller v. State of Wisc.* (*In re Mueller*), 243 B.R. 346 (Bankr. W.D. Wis. 1999) (both finding that unpaid unemployment premiums were entitled to priority under § 507(a)(8)(E) regardless of whether they were originally due by the corporation or the individual).

Accordingly, the Court concludes that the SBT is an excise tax as to Quiroz. The Treasury

Department's motion to dismiss is therefore granted.

    For Publication

**Signed on June 07, 2011**

                                      /s/ Steven Rhodes
                                 **Steven Rhodes**
                                 **United States Bankruptcy Judge**